## BELL v. STATE.

### [70 South. 456.]

EMBEZZLEMENT. *Proof of conversion. Necessity.*

> Where defendant was charged with embezzlement, in that he collected as agent from another a premium on an insurance policy and converted the same to his own use. Where there was no evidence showing or tending to show that the money was, by the defendant, converted to his own use, he should be acquitted.

APPEAL from the circuit court of Jones county.

HON. PAUL B. JOHNSON, Judge.

W. D. Bell was convicted of embezzlement, and appeals.

Appellant was indicted and convicted of embezzlement, the indictment charging that he collected from one Jenkins a premium on an insurance policy and converted the same to his own use. Jenkins never received his policy of insurance, and had appellant indicted. It is not shown by the evidence that appellant retained the money or used it in any way for his own benefit.

*Hardy & Arnold*, for appellant.

There is absolutely no testimony to support the finding of the jury. To concede for the moment that the appellant was the bailee of Jenkins there is absolutely no testimony to show that he unlawfully used the money, but all of the testimony shows that he used it as he should. Call him agent, bailee, cashier or what not, the state must show that he embezzled the money before there can be a legal conviction. Mr. Jenkins knew the money must be sent on before he got his policy, and the testimony shows that this is exactly the use that he made of it. But in no sense under our statutes can this appellant be classed as a "Bailee." There was no obligation to return the specific things that were intrusted to him but there was an obligation to forward the money for another

thing which was done. See Words & Phrases, Vol. 1, page 672, under heading "Bailee" and cases there cited.

Then unless it appears from the clear letter of the statute that this appellant was a "Bailee" he cannot be included by implication. The statute must be strictly construed in his favor. See *West* v. *State,* 70 Miss. 598; *Wortham* v. *State,* 59 Miss. 179; *Johnson* v. *State,* 63 Miss. 228; *Stafford* v. *State,* 44 So. 801; *Foote* v. *Vanzant,* 34 Miss. 40. And all the holdings of our court on this point are to the same effect.

*Ross A. Collins,* Attorney-General, for the state.

The appellant contends that no crime of embezzlement has been made out since he was acting as the agent of the insurance company and not of Jenkins in the transaction, but I submit that the facts show that the agent solicited the money for the premium from Jenkins and promised to deliver to him the policy in question and was therefore the bailee or agent for the said Jenkins and his conduct clearly comes within the terms of our statute defining embezzlement. Section 1136 of the Code of 1906.

The appellant's further contention is, that he is not got guilty of embezzling twenty-five dollars or over if guilty of anything, and therefore his sentence to the penitentiary is excessive. He attempts to show that the proceeds of the twenty-seven dollar check given to him by Jenkins did not, owing to the way he handled it, net him but twenty-one dollars and seventy-five cents. He says that he took this twenty-seven dollar check and gave it to Jenkins' son and received therefor twenty-one dollars and seventy-five cents in cash and another check for five dollars and twenty-five cents which he claims he never realized upon. It is clear, from the reading of the record, that the appellant's failure to receive the face value of the twenty-seven dollar check was due to no fault of Jenkins but was due entirely to the circuitous

route which he chose to collect it. In fact, the record finally leaves us in doubt as to whether the check for five dollars and twenty-five cents has been actually collected or not as the appellant only says that up until a few days ago it had not been collected, whereas it has been but a few days since it was placed for collection from an out of town bank.

The appellant also urges as error, instruction Number 1 for the state in that it charges the jury that "if you believe from the evidence in this case beyond a reasonable doubt, that the defendant, W. D. Bell, received as agent from E. J. Jenkins, the sum of twenty-seven dollars for the purpose of purchasing for the said Jenkins a sick and accident insurance policy and that the said defendant never delivered the said policy or the said twenty-seven dollars to the said E. J. Jenkins, but feloniously did embezzle and secrete and convert the same to his own use as charged in the indictment, then it is the sworn duty of the jury to convict the defendant as charged in the indictment."

I submit that the language of section 1136, of the code in defining embezzlement covers this instruction inasmuch as it is not material whether the appellant was acting as the agent of Jenkins or the company if, in fact, he embezzled the funds he secured.

The next error is aimed at the second instruction for the state which tells the jury that if they believe from the evidence beyond a reasonable doubt that the check for twenty-seven dollars was paid and that the appellant received it for the purpose of securing the policy and embezzled same, they may find the defendant guilty. The appellant says that this instruction is not predicated on the facts in the record, basing his contention on the ground that the check for twenty-seven dollars was not paid. The evidence shows that the check in the hands of Jenkins' son was paid at the bank and it was no fault of Jenkins, the drawer of the check, that the appellant did not receive his money. If a person be allowed to show

that the original funds embezzled do not, in the end after trading and speculation, net him a certain amount, then grounds for an endless inquiry is at hand. He at least accepted the check for five dollars and twenty-five cents and upon failure of the payee thereon paying same, the appellant would have recourse upon the endorser which, in this case, was Jenkins' son. I therefore submit that this contention is without force and that upon the whole the record shows that the jury were amply warranted in returning the verdict they did, which verdict I respectfully submit should not be disturbed by this court.

COOK, J., delivered the opinion of the court.

This case must be reversed, for the reason that the evidence for the state does not make out the charge laid in the indictment. There is no evidence showing or tending to show that the money was, by the defendant, converted to his own use.

*Reversed and remanded.*