## ROAN v. CITY OF HATTIESBURG.

[72 South. 1005.]

1. EMBEZZLEMENT. *Offense. Sufficiency of evidence. Statement of owner.*

   In a prosecution of a hack-driver for embezzlement under an affidavit charging that he received a two dollar bill of a patron and returned change for only one dollar and refused on demand to pay the patron the sum of one dollar, the court *held* that the evidence as set out in the opinion was insufficient to convict.

2. SAME.

   In such case the fact that the patron afterwards told the defendant that he had given him the two dollar bill by mistake is immaterial, for the reason that defendant in so far as the criminal law is concerned, was under no duty to accept his unsupported statement and pay him the money claimed on the faith of it.

APPEAL from the circuit court of Forest county.

HON. PAUL B. JOHNSON, Judge.

Tom Roan was convicted of embezzlement and appeals. The facts are fully stated in the opinion of the court.

*D. W. Draughon,* for appellee.

*Sullivan, Conner & Sullivan,* for appellee.

SMITH, C. J., delivered the opinion of the court.

Appellant was tried and convicted in the court of a police justice of the city of Hattiesburg, on an affidavit charging him with the crime of embezzlement, was again convicted upon an appeal to the circuit court of Forest county, and now appeals to this court.

The evidence introduced by the city upon the trial of the cause is that appellant was, on the 25th day of March, 1916, the driver of a public hack, in which one Wiley Blanks took passage from some portion of the city of Hattiesburg to his home, agreeing to pay therefor the sum of fifty cents. Blanks claims that he had with him at the time a one dollar and a two dollar bill; that on arriving at his residence he advised appellant of this fact, and told him that he was afraid he would give him the two dollar bill instead of the one dollar bill, as it was too dark for him to see; and that appellant replied: "If you give me the two, I will give you the right change back." Neither of the parties had a match with which to strike a light, and it was too dark for either of them to tell one bill from the other. Blanks states that both bills were rolled up together in his pocket and that he took one of them and handed it to appellant, who handed back to him fifty cents in change. He discovered his mistake, according to his testimony, on going into his residence and examining the remaining bill by means of a light; that he called on appellant next day for the money, and was told that the bill had been passed on

by him in making change with other passengers.   Appellant denied that Blanks told him he had both a one dollar and a two dollar bill, and was afraid that he would give him the wrong one, and states that he handed him what he said was a one dollar bill, and whether it was a one dollar bill or a two dollar bill he gave it to another passenger that night in making change.   Blanks demanded of appellant that he pay him the sum of one dollar, which he refused to do, whereupon the affidavit upon which appellant was tried was made.

Assuming for the sake of argument that our statutes defining embezzlement apply to a case of the character here under consideration, the evidence wholly fails to disclose that appellant discovered, at the time Blanks paid him his fare or thereafter, that he had been given by mistake a two dollar bill instead of a one dollar bill, so that it cannot be said that he knowingly converted to his own use the dollar which Blanks claims he should have returned to him.   That Blanks afterwards told appellant that he had given him the two dollar bill by mistake is immaterial, for the reason that appellant, in so far as the criminal law is concerned, was under no duty to accept Blank's unsupported statement and pay him the money claimed on the faith of it.

Reversed, judgment of not guilty here, and appellant discharged.

*Reversed.*