GRADSKY *v.* STATE

No. 42093          February 12, 1962          137 So. 2d 820

*Gore & Gore, Barnett, Montgomery, McClintock & Cunningham,* Jackson, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

Rodgers, J.

The appellant Norman Gradsky was indicted, convicted and sentenced to a term in the State Penitentiary upon a charge of having embezzled a deepfreeze from Insured Savings & Loan Association, Inc. After a careful examination of the record we have come to the conclusion that this case must be reversed for the following reasons:

First. Sec. 26, Miss. Constitution 1890, guarantees that "In all criminal prosecutions the accused shall have a right * * * to have compulsory process for obtaining witnesses in his favor * * *", and this means, he may have his attorney, as well as other witnesses, summoned to give evidence in his favor, when his attorney has evidence vital to his defense. Moreover, accused cannot be denied this right on the ground that it may embarrass the attorney or violate etiquette of the court. Adams v. State, 202 Miss. 68, 30 So. 2d 593, is not adverse to the holding in this case. We have pointed out in the case of Brooks v. State, 209 Miss. 150, 46 So. 2d 94, that "Constitutional rights in serious criminal cases rise above mere rules of procedure." The court may admonish an attorney when it appears that he knew in advance that he would be called upon to testify in a case, for taking active part in the trial of a case, but the court cannot refuse an accused the right to introduce competent evidence in his favor because it may appear that an attorney has violated an ethical rule. Miller v. Urban, 195 A. 193, 118 A. L. R. 951-954; 58 Am. Jur. 110, Witnesses, Sec. 152.

The refusal to permit defendant the right to introduce his attorney as a witness when he had vital evidence in favor of the defendant was reversible error.

Second. Conversion is one of the essential elements under the charge of embezzlement laid in the in-

dictment in this case. Bell v. State, 110 Miss. 430, 70 So. 456. ■■ ■ The State had the burden of proving that the property rightfully came into the possession of the defendant Norman Gradsky by virtue of his office as president of the corporation and that thereafter he feloniously converted the property described in the indictment to his own use. Moore v. State, 49 So. 2d 415 (Miss.); Jackson v. State, 214 Miss. 828, 52 So. 2d 914; 29 C. J. S., Embezzlement, Sec. 11, p. 682; 18 Am. Jur., Embezzlement, Sec. 21, p. 581. ■■■ The word ''embezzlement'' itself is practically synonymous with ''wrongful appropriation'' and is defined as the fradulent appropriation of the property of another. Burdick's Law of Crime, Vol. 2, Sec. 584, p. 390.

■■ ■ In order to constitute the crime of embezzlement, something must have been done in execution of the fraudulent intention to misappropriate the property in accussed's possession to his own use. 18 Am. Jur., Embezzlement, Sec. 25, p. 585. We find that there is insufficient evidence to show that Norman Gradsky did any act or acts sufficient to indicate that he intended to wrongfully convert the deepfreeze to his own use after it came into his possession as President of the Insured Savings and Loan Association, Inc. ■■ ■ The intent to convert may always be proven by circumstantial evidence if it is sufficient to prove a willful and unlawful conversion. Underhill, Criminal Evidence, 4th Ed., p. 1007. See also Roan v. City of Hattiesburg, 112 Miss. 269, 72 So. 1005. In order, however, to sustain a verdict of ''guilty'', based upon circumstantial evidence, the testimony must exclude every reasonable hypothesis but that of guilt. Pickle v. State, 151 Miss. 549, 118 So. 625; Hulett v. Hulett, 152 Miss. 476, 119 So. 581.

We have examined the testimony in this case, and we find that it is insufficient to establish the charge laid in the indictment.

The judgment and sentence of appellant is set aside, the case reversed, and the appellant discharged.

Reversed and appellant discharged.

*Lee, P. J.,* and *Gillespie, McElroy* and *Jones, JJ.,* concur.