436 So.2d 790 (1983)
Christopher RICHARDSON
v.
STATE of Mississippi.
No. 53873.
Supreme Court of Mississippi.
August 17, 1983.
Smith, Downs, Ross, Trapp & Coleman, Corinth, J. Price Coleman, Jackson, for appellant.
*791 Bill Allain, Atty. Gen., by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of Alcorn County wherein the appellant was indicted, tried and convicted of attempted armed robbery and aggravated assault. The trial judge sentenced him to serve two 10-year terms, one for each offense, in the custody of the Mississippi Department of Corrections. The terms were to run concurrently. We reverse.
The undisputed evidence establishes that John Wesley McKenzie entered Dee's Grocery Store in Alcorn County on February 12, 1980. He pulled a .22 calibre pistol and announced: "This is a robbery." Macon Bynum, Jr., the owner of the store, then pulled a pistol. In an exchange of gunfire, Mr. Bynum's wife was shot in the hand and McKenzie was shot in the face. Both recovered.
The appellant is accused of being McKenzie's accomplice in the attempted robbery and aggravated assault. At Richardson's trial, McKenzie testified for the state. He stated that Richardson planned the crime and was to drive the getaway car.
Christopher Richardson took the stand on behalf of himself and denied any participation in the crime. He stated that on February 12, 1980, McKenzie asked him for a ride to the school to meet a girl. The appellant took McKenzie to the school, which is approximately 150 yards from Dee's Grocery. Although he saw no girl, he let McKenzie out and drove on home.
After hearing all of the evidence, the jury returned a verdict of guilty. Mr. Richardson perfected an appeal to this Court and assigns as error the following:
(1) Under the facts of this case, uncorroborated testimony of accomplice does not support verdict, therefore, defendant is entitled to directed verdict or, in the alternative, judgment notwithstanding the verdict; and
(2) Trial court erred in not allowing defendant's counsel to testify as to prior inconsistent statement of chief prosecuting witness.
The defendant's first assignment of error is without merit. Although the uncorroborated testimony of an accomplice should be viewed with great caution, it is sufficient to support a guilty verdict.
In the second assignment of error the appellant complains that the trial court refused to allow his attorney to testify as to a prior inconsistent statement of the prosecution's chief witness, John Wesley McKenzie.
On cross-examination John Wesley McKenzie denied making the statement that "I am going to tell it the way it is best for me." The defense attorney then asked permission to testify that McKenzie had made this inconsistent statement.
In Gradsky v. State, 243 Miss. 379, 137 So.2d 820 (1962), this Court, holding that it was reversible error to refuse to allow the defendant's attorney to testify, stated:
Sec. 26, Miss. Constitution 1890, guarantees that "In all criminal prosecutions the accused shall have a right * * * to have compulsory process for obtaining witnesses in his favor * * *", and this means, he may have his attorney, as well as other witnesses, summoned to give evidence in his favor, when his attorney has evidence vital to his defense. Moreover, accused cannot be denied this right on the ground that it may embarrass the attorney or violate etiquette of the court. Adams v. State, 202 Miss. 68, 30 So.2d 593, is not adverse to the holding in this case. We have pointed out in the case of Brooks v. State, 209 Miss. 150, 46 So.2d 94, that "Constitutional rights in serious criminal cases rise above mere rules of procedure." The court may admonish an attorney when it appears that he knew in advance that he would be called upon to testify in *792 a case,[1] for taking active part in the trial of a case, but the court cannot refuse an accused the right to introduce competent evidence in his favor because it may appear that an attorney has violated an ethical rule. Miller v. Urban, [123 Conn. 331] 195 A. 193, 118 A.L.R. 951-954; 58 Am.Jur. 110, Witnesses, Sec. 152. (emphasis and footnote ours).
243 Miss. at 384, 137 So.2d 820.
It is clear that the trial court erred when it denied Richardson the right to call his attorney as a witness to testify as to the prior inconsistent statement made to his attorney by McKenzie. Even though the defendant's father had testified to a similar statement made to him at a different time, we are of the opinion that the attorney's testimony should not have been excluded on the grounds that it was cumulative. The testimony of a reputable attorney will have far greater weight with a jury than a defendant's father, in all probability.
We do not reach the other assignments of error as the appellant will have the benefit of this information and evidence upon retrial.
For the above stated reason, the cause is reversed and remanded for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] The Code of Professional Responsibility of the Mississippi State Bar establishes the following rule regarding such testimony:

DR5-102 Withdrawal as Counsel When the Lawyer Becomes a Witness
[A] If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR5-101[B][1] through [4].
The necessity of this rule is expressed in EC 5-9, wherein it is pointed out that:
Occasionally a lawyer is called upon to decide in a particular case whether he will be a witness or an advocate. If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another while that of a witness is to state facts objectively.
We make no judgment as to whether the attorney was in violation of the Code of Professional Responsibility in this case.