536 So.2d 13 (1988)
Troy POWELL, Jr.
v.
STATE of Mississippi.
No. 58110.
Supreme Court of Mississippi.
December 7, 1988.
*14 Mark E. McLeod, Jackson, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ROBERTSON and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
On Friday, October 17, 1986, at approximately 8:00 o'clock p.m., appellant, Troy Powell, Jr., went into Wilson's Lounge in Copiah County. Powell went to the lounge to have a few drinks and dance. According to testimony he was drunk by 10:00 p.m.
Somewhere between 10:00 and 10:30 p.m. that evening Terry Young arrived at Wilson's Lounge. Shortly after his arrival Terry Young and Troy Powell were involved in an altercation in the parking lot. As would be expected there is conflicting testimony as to who started the altercation. Terry Young began beating Powell to the point that another man, Roy Lee Jenkins, intervened, knocking Young to the ground and somewhat senseless. A bystander then offered to take Young to his home. As Young was being escorted from the bar there was another confrontation with Powell at which time the shooting occurred leaving Mr. Young seriously injured.
The State presented two witnesses during its case, Bobbie Bell and Terry Young. Ms. Bell, who was the victim's cousin, testified that Terry had nothing in his hands when he and Troy Powell confronted each other in the parking lot. The witness also testified that Troy Powell was the aggressor as they were trying to leave. Mr. *15 Young testified that he did not actually see a gun in Powell's hand, "just fire coming from it." The victim testified that he was flown by helicopter to Jackson. While at University Hospital he had surgery to repair his intestines. He also had a rod placed in his leg and is presently unable to walk on his own. Mr. Young estimated that he had incurred about $3,000.00 in medical bills. The State did not produce any evidence of gunshot wounds or medical bills.
Troy Powell testified that as he was getting into his car he was approached by Young. Powell testified that he saw something shiny in Young's hand so he pulled out his own gun and fired. Mr. Powell admitted that he shot the victim four times.

I.

DID THE COURT ERR IN OVERRULING TROY POWELL'S MOTION TO DISMISS?
Troy Powell, Jr., argues that the lower court erred in overruling his Motion to Dismiss. Powell made no "Motion to Dismiss"; he claims that he is referring to the Motion for Directed Verdict made at the end of the State's case. The State refers to Powell's peremptory instruction as the "Motion to Dismiss." When a party puts on evidence after moving for a directed verdict at the end of his opponent's case, he waives his right to a directed verdict. So even though Powell claims the State failed to prove the corpus delicti, by putting on his case-in-chief, the first directed verdict is waived. Stever v. State, 503 So.2d 227, 230 (Miss. 1987). The movant may renew his motion at the end of all the evidence. By making a peremptory instruction Powell renewed his Motion.
The standard of review is that the court accept as true all the evidence favorable to the State, together with reasonable inferences arising therefrom; disregarding all evidence favorable to the defense and if such evidence would support a verdict of guilty beyond a reasonable doubt then the denial of the motion by the court must be affirmed. Christian v. State, 456 So.2d 729, 734 (Miss. 1984).
Both sides cite Bullock v. State, 447 So.2d 1284 (Miss. 1984), as support for their arguments. Bullock requires that the State must prove the corpus delicti, body of the crime. Since the defense put on testimony all the evidence will be used to see if the State proved the corpus delicti. The defendant was convicted under Section 97-3-7, Miss. Code Ann. (1972), as Amended. The elements of this offense provide that the defendant must have willfully, unlawfully, feloniously, and purposely caused bodily injury to another, namely Terry Young, with a deadly weapon. The defendant, Troy Powell, admits shooting Terry Young, therefore proving a willful act. Troy Powell argues that independent proof of the corpus delicti is needed to prevent, "convicting a person solely out of his mouth." Bullock, 447 So.2d at 1286. The State satisfied this requirement by presenting independent proof. State witness Bobbie Bell testified that Powell shot Young. Defense witness Michael Holloman also testified that he saw Powell shoot Young. Where there has been a confession any independent corroborative proof which shows that the crime charged has occurred proves the corpus delicti. Bullock, 447 So.2d at 1286. The element of a deadly weapon was also proved. The defendant Powell stated that the gun admitted into evidence was the one he used to shoot Terry Young. Several witnesses also testified that they saw Troy Powell with the gun. The third element of aggravated assault is that there was an injury. Mr. Young testified that he was shot four times and sustained injuries as the result. Powell argues that this testimony is insufficient to prove injury. The victim may testify as to the injuries he received. If the defendant doubts these injuries he is entitled to cross-examination. Cooley v. State, 495 So.2d 1362, 1364 (Miss. 1986). Since the defendant Powell did not object to this testimony or try to refute it during cross-examination the victim's testimony is sufficient to show injury. Cf. Cooley, 495 So.2d at 1364.
There is no merit to this assignment of error.

*16 II.

WAS THE DEFENDANT DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND EFFECTIVE ASSISTANCE OF COUNSEL?
Troy Powell, Jr. claims that he was denied his constitutional right to a fair trial and effective assistance of counsel. He states as error that his attorney, by not examining the court record for several days, failed to discover that the State had in its possession a .32 caliber weapon, photos, and spent hulls as physical evidence, and that they proposed to offer them into evidence.
The case of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is cited by Powell as the controlling authority. Mississippi adopted the Strickland test in Dufour v. State, 483 So.2d 307, 309 (Miss. 1985). Mr. Powell claims that the ineffective assistance occurred in counsel's duty to investigate. The standards set by Strickland require no special amplification in order to define counsel's duty to investigate. Strickland, 466 U.S. at 690-91, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. In the case at bar Powell's attorney looked at the court file on Friday, November 14, 1986. At that time there was no mention in the file of the State's evidence. Troy Powell's attorney looked at the file again on the morning of the trial, Monday, November 17, 1986. It cannot be seen that this failure to examine the file over the weekend constitutes a failure to investigate.
The gun might have been discovered had the attorney filed a motion for discovery, but counsel was under the assumption that a local standing order dismissed the need for a motion. The mere fact that the attorney did not file a motion for discovery is not sufficient to raise an ineffective assistance of counsel claim. "The filing of pre-trial motions falls squarely within the ambit of trial strategy." Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984). The defendant presents no evidence to overcome the presumption that not filing a discovery motion was part of his attorney's trial strategy. Murray, 736 F.2d at 283.
Assuming arguendo that not filing a discovery motion made counsel's performance deficient, Troy Powell fails in the second part of the Strickland test. Under Strickland, not only must the defendant show that counsel's performance was deficient but that the deficiency prejudiced the result. Strickland, 466 U.S. at 687-88, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. Even if the gun had not been allowed in as evidence the jury still would have heard the defendant's admission as well as the State's and defense's eyewitness who saw the defendant with a gun. The only proof Mr. Powell offers to show that he was prejudiced by his counsel's performance was that it took the jury only eight minutes to deliberate. This Court must be careful not to be affected by the distorting effects of hindsight when examining an attorney's performance. Using the standard as set forth in Strickland, Powell does not show that his performance was deficient or prejudiced his defense.
There is no merit to this assignment of error.

III.

DID THE LOWER COURT ERR IN DENYING TROY POWELL'S MOTION FOR JUDGMENT NOT WITHSTANDING THE VERDICT AND MOTION FOR A NEW TRIAL?
Troy Powell argues in this assignment that the court erred in overruling his Motion for Judgment not Withstanding the Verdict and his Motion for a New Trial.
When a judgment notwithstanding the verdict has been made the trial court must consider all the evidence in light of the non-moving party. Williams v. State, 463 So.2d 1064, 1067 (Miss. 1985). In this case the State is the non-moving party. The evidence must be examined to see what the jury knew when it reached its verdict. The jury saw Mr. Young in a wheelchair and heard him say that Troy Powell was the man who shot him four times. The jury heard testimony from Powell admitting that he was the one who shot Terry Young. Mr. Powell also stated that the gun introduced into evidence was *17 the one he used to shoot Young. The jury also heard testimony from Bobbie Bell that she had watched Troy Powell shoot Young.
A judgment notwithstanding the verdict will only be granted if the facts are overwhelmingly in favor of the movant. If the evidence is of such quality and weight, that reasonable men could have found, "beyond a reasonable doubt that the defendant was guilty," the motion should be denied. Williams, 463 So.2d at 1067. Here, the jury heard testimony that Troy Powell shot the victim, and this is enough to cause the jury to find beyond a reasonable doubt.
Mr. Powell also argues in this assignment the court erred in overruling his Motion for a New Trial. After the verdict the defendant filed a Motion for a New Trial stating several grounds. The only ground worth discussion in this opinion is his contention that there is no support for the awarding of fines, court costs, medical expenses or attorneys fees. Therefore, the facts do not substantiate the verdict.
With regard to the claim of expenses, Section 99-37-3, Mississippi Code Annotated (1972), as Amended, provides in part as follows:
(1) When a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim.
Section 99-37-5, Mississippi Code Annotated (1972), as Amended, specifically refers to a defendant being sentenced, "to pay a fine or cost or ordered to make restitution... ." It is clear from these two statutes that the court has the authority to authorize such a sentence. In the case of Fanning v. State, 497 So.2d 70, 74 (Miss. 1986), this Court addressed the issue of restitution. In Fanning, Justice Prather, writing for the Court, stated,
Mississippi Code Annotated, Section 99-37-3 (Supp. 1984), provides:
When a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim.
Powell also claims that there was no proof as to the amount of medical expenses. After Troy Powell was found guilty a separate proceeding was held on November 24, 1986, to determine sentencing. Judge Pigott during this proceeding sentenced Powell to nine years in the custody of the Department of Corrections and took up the issue of restitution. The judge in determining the amount of restitution stated on the record that the victim had incurred $4,648.00 worth of medical bills from the doctors and hospitals and another bill for $5,000.00 from the University Hospital for a total of $9,648.00. The bills themselves were never introduced into evidence.
It was error for the judge to use facts not in evidence to determine the amount of restitution yet the amount of restitution will not be reversed. The language in Section 99-37-3(3) infers that the defendant must object to the restitution at the time of sentencing. Section 99-37-3(3) states that, "if the defendant objects to the imposition, amount or distribution of the restitution, the court shall, at the time of the sentencing, allow him to be heard on such issues." Troy Powell made no objection to the restitution at the time of sentencing. He waited until he was before this Court to object. Having failed to object at the sentencing phase he will not be allowed to object now. See Watts v. State, 492 So.2d 1281, 1290-91 (Miss. 1986).
There is no merit to this assignment of error.
CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF NINE (9) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY RESTITUTION IN THE AMOUNT OF $9,648.00 IS AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.