PAYNE, J., for the Court:
¶ 1. Lester Patterson appeals to this Court arguing that the evidence presented at trial was legally insufficient to support his conviction for embezzlement. We find otherwise and affirm.
FACTS
¶ 2. Jonathan Harris, M.D., and Otha Williams, M.D., co-own an apartment building in Clarksdale, Mississippi. In September of 1996, Harris and Williams employed Lester Patterson to collect rent from the tenants in the apartment units. No written agreement among the three men was made. According to Harris and Williams, Patterson agreed to deliver to either of them shortly after the first of each month the rent he collected. In return for his services, Patterson would receive $100 per month and was allowed to occupy an apartment rent-free.
¶3. Pursuant to their agreement, Patterson gave Harris the rent collected for the month of September, and Hams gave Patterson his $100 fee for doing so. In October 1996, Patterson failed to give the doctors any rent monies he collected. Harris testified that he talked to Patterson several times in October, but on each occasion Patterson gave him an excuse for not having the money. The next month, Patterson again failed to deliver the rent money to the doctors. Thereafter, Harris and Williams filed a formal complaint with the local police department, and Patterson was arrested.
¶4. At trial, Patterson testified that the rent money collected in October and November had been stolen on two separate occasions. He explained that he informed Harris of the missing money oh November 4, 1996, and that Harris agreed to give him additional time in which to hand over the rent. Patterson testified that he attempted to contact Harris and Williams several times to deliver the October rent money but could not locate either doctor. Harris and Williams testified, however, that their offices were open every weekday, that each had personnel who took their messages daily, and that neither of them had received a message from Patterson. Further, Patterson testified that in November the rent money he collected was stolen from his apartment after he had been arrested and taken into custody. He claimed to have reported the stolen money to the police, but admitted that he had not filled out a police report regarding the stolen money because he had no leads to give the authorities. From the jury’s verdict of guilty, Patterson appeals.
DISCUSSION
¶ 5. Patterson contends that the evidence was legally insufficient. The State was required to prove that Patterson rightfully came into possession of the rent money and that he feloniously converted the funds for his own use. Miss.Code Ann. § 97-23-19 (Rev.1994). Patterson concedes that the State proved beyond a reasonable doubt that he was employed by Harris and Williams to *922 collect rent and that he collected rent in the months of October and November 1996, but asserts that the prosecutor failed to establish that he converted the funds for his own use.
¶ 6. “Conversion is one of the essential elements under the charge of embezzlement. ... The intent to convert may always be proven by circumstantial evidence if it is sufficient to prove a willful and unlawful conversion.” Gradsky v. State, 243 Miss. 379, 385, 137 So.2d 820, 821 (1962) (citation omitted). However, to sustain a guilty verdict in a circumstantial evidence case, the State is required to show that the defendant is guilty beyond a reasonable doubt, and that evidence presented excludes every reasonable hypothesis of innocence. Lester v. State, 692 So.2d 755, 796 (Miss.1997).
¶7. Here, the only reasonable hypothesis of innocence advanced by Patterson is that the rent money was stolen from him. Patterson’s theory, however, is undermined by his own testimony. He testified that he held the October rent because he could not find Harris or Williams. Both men directly contradicted this fact when they testified that their offices were open daily and that Patterson did not leave a message with their office assistants. Attempting to recover the rent money, Harris testified that he located and talked to Patterson on several occasions in October, a fact that Patterson denies. Also, Patterson testified that he did not submit a complaint to the police department concerning the missing money. In addition, Patterson collected part of the November rent, but as of the date of his arrest on November 8, 1996, he had not delivered the money to either apartment owner. From these facts, a reasonable inference is raised that Patterson converted the money for his own uses instead of handing over the money to its rightful owners. “Embezzlement does not require a distinct act of taking, and the conversion essential to the crime of embezzlement may consist of failing to account for and to pay over money on demand.” 26 Am.Jur.2d Embezzlement § 4 (1966).
¶ 8. When reviewing motions for a directed verdict on appeal, we consider all evidence, including that which does not support the State’s case, in the light most favorable to the State. Morgan v. State, 703 So.2d 832, 835 (Miss.1997). We accord the State as verdict winner the benefit of all favorable inferences that may reasonably be drawn from the evidence, and we may reverse only where the evidence is such that reasonable and fair-minded jurors could only find the defendant not guilty. Id. We are unable to conclude that the jury had to find Patterson not guilty. While the only evidence on the element of conversion was circumstantial, the jury could have reasonably inferred from that evidence that Patterson converted the rent money for his own use.
¶ 9. THE JUDGMENT OF THE COA-HOMA COUNTY CIRCUIT COURT OF CONVICTION OF EMBEZZLEMENT AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAYMENT OF RESTITUTION IN FULL TO THE VICTIMS IS AFFIRMED. SENTENCE IMPOSED SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, AND SOUTHWICK, JJ„ CONCUR.