58 So.3d 715 (2011)
Hazel L. CUMMINGS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2009-KA-01896-COA.
Court of Appeals of Mississippi.
April 5, 2011.
*716 Justin Taylor Cook, attorney for appellant.
Office of the Attorney General by Laura Hogan Tedder, attorney for appellee.
EN BANC.
GRIFFIS, P.J., for the Court:
¶ 1. Hazel L. Cummings appeals her conviction of embezzlement under Mississippi Code Annotated section 97-23-19 (Rev.2006). On appeal, she argues that: (1) there was insufficient evidence to support the verdict; (2) her sentence of restitution was illegal or, alternatively, the Jones County Circuit Court failed to consider the factors set forth in Mississippi Code Annotated section 99-7-3 (Rev.2007) to determine whether restitution was appropriate; and (3) her sentence of restitution violated her Sixth Amendment right to a jury trial. We find that the State failed to present any evidence to support the award of restitution in the amount ordered by the circuit court. Therefore, the circuit court's order of restitution in the amount of $34,411.04 is reversed, and this case is remanded for the proper determination of restitution. We find no error as to the remaining issues and affirm.

FACTS
¶ 2. Cummings was the manager of three convenience stores located in Jones County, Mississippi: the BP Station at Daphne, the Interstate BP, and Convenience Corner. All three stores are owned by Leon and Ellen Stinson. Ellen testified *717 that she kept the books for the stores. She began to notice that there were discrepancies in the amounts listed on the stores' daily sheets and the amount of money deposited in the bank. The total amount missing from the Daphne store was $7,309.59. There was no testimony or evidence admitted at trial as to the amounts missing from the other two stores.
¶ 3. Leon testified that Cummings was responsible for removing the cash from each store's safe and depositing it in the bank. He said that Cummings had blamed the Stinsons' son, Ralph, for removing the cash from the safes. Ellen testified that Cummings denied taking the money; however, Cummings never provided her with an explanation as to why the deposits did not match the daily sheets.
¶ 4. Ralph testified that he had the ability to open the safes and that he had once cashed a check for $300 using the money in one of the safes. Kim Smith, the manager of Convenience Corner, testified that she had seen Ralph take cash from the safe to deposit at the bank on numerous occasions. Ruby Milsap, also an employee of Convenience Corner, testified that she had seen Ralph open the safe.
¶ 5. The jury found Cummings guilty of embezzlement, and the circuit judge sentenced her to ten years in the custody of the Mississippi Department of Corrections. Her sentence was suspended upon her successful completion of the Restitution Center, five years of post-release supervision, and the Circuit Court Community Service Program. Cummings was ordered to pay restitution in the amount of $34,411.04, plus attorney's fees and court costs.
¶ 6. Cummings's motion for a new trial was denied. She now appeals her conviction and sentence.

ANALYSIS

1. Whether there was sufficient evidence of the element of conversion to support Cummings's conviction of embezzlement.
¶ 7. Cummings argues that there was insufficient evidence to support the jury's verdict. Specifically, she claims that there was no evidence presented of conversion, an essential element of embezzlement. She contends that the State failed to prove that she had converted the funds for her own personal use. Cummings states that a mere showing that the deposits were missing was not enough to prove she had embezzled the funds.
¶ 8. When reviewing the denial of a motion for a directed verdict based on an objection to the legal sufficiency of the evidence, we examine the evidence in the light most favorable to the State to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citation omitted).
¶ 9. Embezzlement is defined by Mississippi Code Annotated section 97-23-19 (Supp.2010), which provides, in part:
If any person shall embezzle or fraudulently secrete, conceal, or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, any goods, rights in action, money, or other valuable security, effects, or property of any kind or description which shall have come or been entrusted to his care or possession by virtue of his office, position, place, or employment, either in mass or otherwise, with a value of Five Hundred Dollars ($500.00) or more, he shall be guilty of felony embezzlement, . . . .
¶ 10. Cummings correctly asserts that conversion is an essential element of *718 the crime of embezzlement. "The intent to convert may always be proven by circumstantial evidence if it is sufficient to prove a willful and unlawful conversion[;] however, to sustain a verdict of `guilty,' based upon circumstantial evidence, the testimony must exclude every reasonable hypothesis but that of guilt." Gradsky v. State, 243 Miss. 379, 385, 137 So.2d 820, 822 (1962) (citations omitted).
¶ 11. This Court discussed the element of conversion in Patterson v. State, 724 So.2d 920 (Miss.Ct.App.1998). Lester Patterson was hired to collect rent for the owners of an apartment building. Id. at 921 (¶ 2). During the second month of his employment, Patterson failed to deliver the rent money to the owners. Id. at 921 (¶ 3). After two months' worth of rent money was not delivered, the owners filed a complaint with the police department and Patterson was charged with embezzlement. Id.
¶ 12. At trial, Patterson testified that the money had been stolen. However, one of the owners testified that he had spoken with Patterson several times, and Patterson gave him various excuses for not having the rent. Id. at (¶ 4).
¶ 13. On appeal, Patterson argued that the State failed to prove that he had converted the funds for his own use. Id. at 921-22 (¶ 5). This Court noted that Patterson had claimed the money was stolen. However, Patterson's own testimony contradicted that theory because, at one point, Patterson had claimed that he could not find the owners to deliver the money. This Court further noted that Patterson did not report the stolen money to the police. Id. at 922 (¶ 7).
¶ 14. Based on the facts presented, a reasonable inference was raised that Patterson had converted the funds for his own use. Id. This Court held that: "Embezzlement does not require a distinct act of taking, and the conversion essential to the crime of embezzlement may consist of failing to account for and to pay over money on demand." Id. (quoting 26 Am.Jur.2d Embezzlement § 4 (1966)).
¶ 15. Similarly, here, the State presented sufficient circumstantial evidence for the jury to conclude that Cummings had converted the funds for her personal use. Cummings, as manager, was responsible for removing the money from the safe, counting the money, completing the deposit slips, and making the deposits. She had access to the safe, and it was her duty to check the totals on the daily sheets to make sure they matched the amount of cash in the safe.
¶ 16. When asked about the missing deposits, Cummings told the Stinsons that there was no money to deposit. Cummings never reported the missing cash to the police. As manager, she would have been immediately aware that there was insufficient cash to make the required deposits. It was not until Cummings was later questioned about the missing deposits that she reported the missing cash to the Stinsons and accused Ralph of stealing the money.
¶ 17. The State presented evidence that Cummings had failed to account for and to pay over the money that she was responsible for depositing in the bank. It was reasonable for the jury to infer that Cummings had converted the funds for her personal use. As we must view all the evidence presented in the light most favorable to the State, we find that this evidence was sufficient to prove the element of conversion. Accordingly, this issue has no merit.

2. Whether Cummings's sentence of restitution was illegal.
¶ 18. The circuit judge sentenced Cummings to pay the Stinsons $34,411.04 *719 in restitution. Cummings contends that the State failed to show that this amount of money was embezzled from the Stinsons. She asserts that the State merely put on proof that $7,309.59 was missing from the Daphne store. The State responds that the circuit judge had great discretion in sentencing Cummings, and even if her sentence was improper, such error is not reversible because Cummings's counsel failed to object to the amount of restitution during the sentencing hearing.
¶ 19. This Court reviews the terms of a sentence under an abuse-of-discretion standard. "Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." Hoops v. State, 681 So.2d 521, 537 (Miss. 1996). "Unless the sentence is grossly disproportionate or not within the statutory limits, we will not disturb the sentence on appeal." Owens v. State, 17 So.3d 628, 632 (¶ 8) (Miss.Ct.App.2009).
¶ 20. Cummings managed three stores owned by the Stinsons. The State, seemingly in an effort to keep matters simple for the jury, only offered evidence of the missing deposits from the Daphne store. In his opening statement, the prosecutor said:
[W]hat I'll show you is simply for the store at Daphne. I want you to understand that under the law all we have to do is prove that more than $500 was missing on one occasion. I'm going to show you about six or eight occasions, and so we're not here going through every deposit that was made or not made for a month, for three different stores, which is literally going to be hundreds. I'm going to show you about ten or [twelve] of these things.
¶ 21. The prosecutor correctly stated that, for a felony conviction of embezzlement, section 97-23-19 merely requires proof that the defendant embezzled property with a value of $500 or more. During Ellen's testimony, the State entered into evidence the daily sheets and the bank statements showing that several deposits from the Daphne storetotaling $7,309.59were never made. This was more than sufficient evidence to meet the State's burden to show that the value of the property at issue was $500 or more.
¶ 22. But the State failed to put on any evidence of the alleged missing deposits from the other two stores. At the sentencing hearing, the prosecutor announced to the circuit court that a total of $34,411.04 had been embezzled from all three stores owned by the Stinsons. Then the following exchange occurred:
[Counsel for Defendant]: Your honor, the State only presented evidence of about $6,000. The State did not present evidence of $34,000.
[Prosecutor]: We charged her with embezzlement of a sum in excess of $500 and that's what she was convicted of.
The Court: What were you able to show?
[Prosecutor]: I'll have to look back at my notes, Your Honor. But that's the amount of restitution
The circuit judge then continued the hearing to a later date so the issue could be resolved. When the hearing resumed a month later, the circuit judge sentenced Cummings to pay $34,411.04 in restitution without a discussion of the State's evidence.
¶ 23. The State contends that this issue was waived by Cummings's failure to object at the sentencing hearing. However, in the statement quoted above, counsel for Cummings told the circuit judge that the State had failed to prove its claimed amount of restitution. We find that such *720 statement amounted to an objection that was sufficient to raise the issue before the circuit judge and preserve the issue for appeal.
¶ 24. Mississippi Code Annotated section 99-37-3(1) (Rev.2007) allows the court to order restitution, stating:
When a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim; provided, however, that the justice court shall not order restitution in an amount exceeding Five Thousand Dollars ($5,000.00).
For purposes of this section, "criminal activities" are defined as "any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant." Miss.Code Ann. § 99-37-1(a) (Rev.2007).
¶ 25. Cummings argues that, because the State's evidence only showed that $7,309.59 was embezzled from the Daphne store, the jury could not have convicted Cummings of embezzling the total amount alleged by the State. Since Section 99-37-3(1) allows restitution to be imposed for only those criminal activities of which the defendant admitted or was convicted, she claims that she can be required to pay only the amount presented to the jury $7,309.59.
¶ 26. However, as discussed above, the State was required to prove that Cummings embezzled property with a value of $500 or more in order for the jury to find Cummings guilty of felony embezzlement. Such evidence was offered to the jury, and Cummings was convicted of embezzlement. The jury was not required to determine the amount of restitution owed the Stinsons. Under section 99-37-3(1), it is within the power of the circuit judge to order that an amount of restitution be paid.
¶ 27. While we find that Cummings's conviction of embezzlement gave the circuit judge the authority to order restitution in the full amount that was embezzled from the Stinsons, we further find that there was no evidence presented to the circuit judge to support the amount of restitution imposed. At the sentencing hearing, the State was asked what amount it had proven that Cummings embezzled; yet, the prosecutor never gave the circuit judge a proper answer. Although the prosecutor announced that $34,411.04 was owed by Cummings, the State failed to present any evidence of this amount during sentencing.
¶ 28. This issue was addressed in Powell v. State, 536 So.2d 13, 17 (Miss.1988). Troy Powell was ordered to pay $9,648 in restitution for the victim's medical bills. The Mississippi Supreme Court stated:
Powell also claims that there was no proof as to the amount of medical expenses. After Troy Powell was found guilty a separate proceeding was held on November 24, 1986, to determine sentencing. Judge Pigott during this proceeding sentenced Powell to nine years in the custody of the Department of Corrections and took up the issue of restitution. The judge in determining the amount of restitution stated on the record that the victim had incurred $4,648.00 worth of medical bills from the doctors and hospitals and another bill for $5,000.00 from the University Hospital for a total of $9,648.00. The bills themselves were never introduced into evidence.
It was error for the judge to use facts not in evidence to determine the amount *721 of restitution. . . .[1]
Id. (emphasis added).
¶ 29. Here, as in Powell, there was no evidence offered at the separate sentencing hearing to support any amount of restitution greater than the $7,309.59 proved at trial. It was error for the circuit judge to order $34,411.04 in restitution without such evidence. Accordingly, we reverse the judgment of restitution, and we remand this case for resentencing so that the circuit court, upon review of the evidence previously provided by the State, may determine the proper amount of restitution.[2]

3. Whether Cummings's Sixth Amendment right to a jury trial was violated by the circuit court's order of restitution.
¶ 30. On appeal, Cummings raises a constitutional challenge to the circuit court's authority to impose restitution. She claims that, under the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the issue of restitution must be submitted to the jury. She cites the holding in Apprendi, stating: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Cummings cites this one sentence from the holding in Apprendi; yet, she fails to apply that holding to her claim of improper restitution.
¶ 31. Cummings failed to object on this basis during sentencing. As such, she is procedurally barred from raising this constitutional violation on appeal. Mingo v. State, 944 So.2d 18, 28 (¶ 23) (Miss. 2006). She now claims that the issue amounts to plain error. We disagree. "The plain error doctrine requires that there be an error and that the error must have resulted in a manifest miscarriage of justice." Flora v. State, 925 So.2d 797, 811 (¶ 42) (Miss.2006) (citation omitted).
¶ 32. Cummings fails to show this error. Indeed, the federal circuit courts of appeal have declined to apply the holding of Apprendi to restitution. See Dohrmann v. U.S., 442 F.3d 1279, 1281 (11th Cir.2006) (adopting the holding of the Third, Sixth, Seventh, Eighth, and Tenth Circuits that Apprendi does not apply to restitution orders because the restitution statute does not have a prescribed statutory maximum). The United States Fifth Circuit Court of Appeals stated in U.S. v. Garza, 429 F.3d 165, 170 (5th Cir.2005): "We agree with our sister Circuits, who have uniformly held that judicial fact-finding supporting restitution orders does not violate the Sixth Amendment."
*722 ¶ 33. We find that Cummings has failed to show that the circuit court's imposition of restitution constitutes plain error that has resulted in a manifest miscarriage of justice. Accordingly, this issue is procedurally barred from our review.
¶ 34. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT OF CONVICTION OF EMBEZZLEMENT AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, TO BE SUSPENDED UPON THE SUCCESSFUL COMPLETION OF THE RESTITUTION CENTER, FIVE YEARS OF POST-RELEASE SUPERVISION, AND COMPLETION OF THE CIRCUIT COURT COMMUNITY SERVICE PROGRAM, IS AFFIRMED; THE AMOUNT OF THE JUDGMENT OF RESTITUTION IS REVERSED; AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.
CARLTON, J., concurring in part and dissenting in part:
I would affirm Cummings' conviction and sentence in this case.
NOTES
[1] The supreme court found that this error was not reversible, however, because Powell had failed to make an objection to the amount of restitution during his sentencing hearing. Powell, 536 So.2d at 17. As we discussed above, we find that Cummings made a timely objection to preserve this issue for appeal.
[2] On remand, we urge the circuit judge to consider Cummings's indigent status when determining the issue of restitution. Section 99-37-3(2) requires that:

In determining whether to order restitution which may be complete, partial or nominal, the court shall take into account:
(a) The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant;
(b) The ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court; and
(c) The rehabilitative effect on the defendant of the payment of restitution and the method of payment.