904 So.2d 1107 (2004)
Eric D. JONES a/k/a Eric Dejuan Jones, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02816-COA.
Court of Appeals of Mississippi.
October 12, 2004.
Rehearing Denied February 1, 2005.
Certiorari Denied April 14, 2005.
*1108 Eric D. Jones, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, Attorney for Appellee.
Before KING, C.J., LEE, P.J., IRVING and MYERS, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On June 25, 2003, Eric D. Jones pled guilty to possession of a controlled substance, namely 6.2 grams of cocaine, before the Circuit Court of Lawrence County, Mississippi. Jones was represented by Robert E. Evans, the public defender. Prior to pleading guilty Jones had filed, with the assistance of counsel, a petition to enter a plea of guilty. Evans filed the proper certification of counsel along with the petition.
¶ 2. Jones was sentenced to serve sixteen years in the custody of the Mississippi Department of Corrections, with ten years suspended and five years of post-release supervision. On November 3, 2003, Jones filed a petition for post-conviction relief. The trial court denied the motion on December 9, 2003, without a hearing. It is from this denial that Jones now seeks appellate relief, arguing what appears to be a claim that his plea was not voluntarily or intelligently made and a claim that he received ineffective assistance of counsel.

STANDARD OF REVIEW
¶ 3. "In reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous." Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). In considering a petition for post-conviction relief, the trial judge is obligated to review the "original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack," in order to resolve the merits of the allegations. Miss.Code Ann. 99-39-11(1) (Rev.2000). Jones must show by a preponderance of the evidence that he is entitled to the requested post-conviction relief. Miss.Code Ann. § 99-39-23(7) (Rev.2000).
¶ 4. "In order for a guilty plea to be voluntarily and intelligently entered, a defendant must be advised about the nature of the crime charged against him and the consequences of the guilty plea." Banana v. State, 635 So.2d 851, 854 (Miss.1994). *1109 Claims for the ineffective assistance of counsel must be reviewed under the standard enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which was applied to guilty pleas in Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Under this standard, the claimant must show (1) that counsel's performance was deficient and (2) that the deficient performance was prejudicial to the defendant in the sense that it undermined confidence in the outcome. Wilson v. State, 577 So.2d 394, 396 (Miss.1991).

I. WAS JONES' PLEA OF GUILTY KNOWINGLY AND VOLUNTARILY MADE?
¶ 5. Jones argues that his guilty plea was not knowingly and voluntarily made. For a guilty plea to be voluntarily and intelligently entered, a defendant must be advised about the nature of the crime charged against him and the consequences of the guilty plea. Banana, 635 So.2d at 854.
¶ 6. The record evidences that Jones was informed of the nature of the charges against him, the rights he was waiving, and the effect of his guilty plea. Additionally, Jones filed a petition to plead guilty with the court, and the petition clearly stated, "I offer my plea of guilty freely, voluntarily and of my own accord. I fully understand all matters set forth in the indictment or information and waiver of indictment, in this petition and in the certificate of my lawyer which follows."
¶ 7. The record of the guilty plea hearing reflects that Jones understood that he faced a minimum sentence of four years and a maximum sentence of sixteen years. At the hearing Jones also acknowledged under oath that by pleading guilty he was waving his right to a trial by a jury of his peers, his right to cross-examine witnesses, and his right not to testify against himself. Additionally, Jones acknowledged that an additional pending charge would be dropped once he pled guilty to the possession charge. Furthermore, Jones testified that no one mistreated him in an effort to convince him to plead guilty. The trial court did not abuse its discretion in disposing of this issue. Jones was informed about the nature of the charges against him and the consequences of his guilty plea. This issue lacks merit.

II. DID JONES RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 8. Any review of the ineffective assistance of counsel begins with the test established in Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Under this standard, the claimant must show: (1) that counsel's performance was deficient and (2) that the deficient performance was prejudicial to the defendant in the sense that it undermined confidence in the outcome. Wilson, 577 So.2d at 396. Jones does not cite any actions by his counsel which support an argument that the attorney's performance was deficient, nor does Jones show how his attorney's performance was prejudicial to him. Accordingly, Jones does not meet his burden under Strickland, and this issue lacks merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LAWRENCE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAWRENCE COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.