MYERS, P.J.,
for the Court.
¶ 1. Russell Little pled guilty to possession of cocaine with intent to sell, transfer or distribute in the Circuit Court of Monroe County on September 22, 1998. On October 2, 1998, he was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections being placed in the intensive supervision program/house arrest program. Little was further ordered to pay $248 court costs, $200 bond fee, $5,000 fine with $4,000 suspended, $350 attorney’s fees and make restitution of $200 to North Mississippi Narcotics Unit and $110 to Tupelo Crime Lab. Little filed his motion for post-conviction relief on September 29, 2003, in the Circuit Court of Monroe County. On October 30, 2003, the circuit court denied Little’s post-conviction relief motion.
FACTS
¶ 2. Little was indicted by the Circuit Court of Monroe County of May 26, 1998, for wilfully, unlawfully and feloniously selling and transferring a quantity of cocaine to Sandra Crum. On September 22, 1998, Little pled guilty to the possession of cocaine with intent to sell, transfer or distribute. He was sentenced on October 2, 1998, to serve a term of twenty years in the custody of the Mississippi Department of Corrections and be placed in the intensive supervision program/house arrest program. Little was further ordered by the court to pay $248 court costs, $200 bond fee, $5,000 fine with $4,000 suspended, $350 attorney’s fees and make restitution of $200 to North Mississippi Narcotics Unit and $110 to Tupelo Crime Lab. On September 3, 1999, the Circuit Court of Monroe County suspended the balance of Little’s sentence and placed him on five years supervised probation. On January 8, 2001, the Circuit Court of Monroe County revoked Little’s probation and sentenced him to serve twenty years in the custody of the Mississippi Department of Corrections with five years suspended and five years of post-release supervision, pay a fine and court cost and restitution of $1,058. On September 29, 2003, Little filed his motion for post-conviction relief in the Circuit Court of Monroe County. The trial court denied Little’s motion on October 30, 2003.
¶ 3. Aggrieved by the trial court’s ruling, Little appeals to this Court, raising the following four issues:
*99 I. WHETHER OR NOT LITTLE’S ARREST WAS PROPER.
II. WHETHER OR NOT THE OFFICER FAILED TO READ LITTLE HIS RIGHTS UPON ARREST.
III. WHETHER OR NOT LITTLE WAS PROPERLY INDICTED.
IY. WHETHER OR NOT THERE WAS SUFFICIENT EVIDENCE TO SUPPORT LITTLE’S CONVICTION.
¶4. Finding no reversible error, we affirm the ruling of the circuit court.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. Post-conviction collateral relief is “to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues, or errors which in practical reality could not have been or should not have been raised at trial or on direct appeal.” Miss. Code Ann. § 99-39-3(2) (Rev.2000). Post-conviction relief is not the same or a substitute for direct appeal.
STANDARD OF REVIEW
¶ 6. This Court will not disturb the trial court’s factual findings, when reviewing a decision to deny a petition for post-conviction relief, unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). However, the applicable standard of review is de novo where questions of law are raised. Id.
DISCUSSION
¶ 7. According to Mississippi Code Annotated § 99-39-5(2)(Supp.2004), a post-conviction relief motion must be filed within three years after .the entry of the judgment of the conviction. Little’s judgment was entered on October 2, 1998, and he did not file his post-conviction relief motion until September 29, 2003, well over the three year limitation. Mississippi Code Annotated § 99-39-5(2) (Supp.2004) sets forth certain exceptions which if the prisoner can demonstrate will override the three year limitation, those exceptions include: an intervening decision by either the United States Supreme Court or the Mississippi Supreme Court which would have actually adversely affected the outcome of the prisoner’s conviction or sentence; prisoner’s possession of evidence which was not reasonably discoverable at the time of the trial but had such evidence been introduced at trial it would have caused a different result; and prisoner claims that his sentence has expired or his probation, parole or conditional release have been unlawfully revoked. Little makes no claim within these exceptions. Little’s claims are all stated in Mississippi Code Annotated § 99-39-5(1), and are therefore time-barred when not brought within the three year time limitation. Therefore, we find no need to address Little’s issues set forth in his motion.
¶ 8. Accordingly, we find the trial court committed no error and affirm the denial of Little’s motion for post-conviction relief.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR.