IRVING, J.,
for the Court.
¶ 1. On February 4, 2006, Terence Truitt, pro se, filed a motion for post-conviction relief (PCR) in the Warren County Circuit Court. The circuit court dismissed the motion. Aggrieved, Truitt appeals and asserts that he is entitled to relief because (1) his indictment is improper, (2) he was denied due process of law, (3) his indictment violates the Fifth Amendment’s guarantee against double jeopardy, (4) his counsel was ineffective, (5) his plea was entered involuntarily, and (6) the cumulative effect of his attorney’s errors denied him the right to a fair hearing.
¶ 2. We find no error in the trial court’s decision; therefore, we affirm its judgment.
*300 FACTS
¶3. Truitt was indicted by a Warren County grand jury for one count of murder and for one count of manslaughter in the death of Darrell Kemper. Pursuant to a plea agreement, the State agreed to dismiss the murder charge, and Truitt agreed to enter an open plea of guilty to manslaughter. The court accepted his plea and sentenced him to twenty years in the custody of the Mississippi Department of Corrections.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶4. “When reviewing a lower court’s decision to deny a petition for post conviction relief this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Brown v. State, 731 So.2d 595, 599(¶6) (Miss.1999) (citing Bank of Mississippi v. S. Mem’l Park, Inc., 677 So.2d 186, 191 (Miss.1996)). However, questions of law are reviewed de novo. Id.

1. Indictment

¶ 5. Truitt’s first and third issues pertain to his indictment; thus, we will discuss those issues together. Truitt first asserts that his indictment is improper because it charges him with both murder and manslaughter of the same individual. We note at the outset that this issue is procedurally barred due to Truitt’s guilty plea, because “a valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment or information against a defendant.” Reeder v. State, 783 So.2d 711, 720(¶ 36) (Miss.2001) (citing Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990)). Procedural bar notwithstanding, we conclude that nothing prohibits the State from indicting a defendant for murder and manslaughter in the death of the same individual. Rule 7.07(A) of the Uniform Rules of Circuit and County Court provides:
Two (2) or more offenses which are triable in the same court may be charged in the same indictment with a separate count for each offense if: (1) the offenses are based on the same act or transaction; or (2) the offenses are based on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan.
¶ 6. Moreover, in Williams v. State, 794 So.2d 1019, 1025(1135) (Miss.2001) (quoting Corley v. State, 584 So.2d 769, 772 (Miss.1991)), the Mississippi Supreme Court stated: “in allowing a multi-count indictment, this Court agreed with the Legislature that the offenses must be based on the same act or transaction, or be based on two or more acts or transactions, connected together or constituting parts of a common scheme or plan.” Counts I and II relate to the “same act or transaction,” the death of Kemper; thus, the indictment charging Truitt with murder and manslaughter is proper.
¶ 7. Truitt also argues that his indictment is improper because it violates the Fifth Amendment guarantee against double jeopardy which provides that “no person shall be subject for the same offence to be twice put in jeopardy of life or limb.” U.S. Const., amend. V. The Mississippi Supreme Court has held that “[djouble jeopardy protection applies to successive prosecutions for the same criminal offense.” Cook v. State, 671 So.2d 1327, 1331 (Miss.1996) (citing United States v. Dixon, 509 U.S. 688, 697, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993)). Truitt pleaded guilty to manslaughter and was never prosecuted for murder; thus, he was not “twice put in jeopardy of life or limb.” Therefore, Truitt’s argument that his indictment violates the Fifth Amendment’s *301 guarantee against double jeopardy is misplaced. We find no merit to this allegation of error.
g. Voluntariness of Guilty Plea
¶ 8. Truitt attacks his guilty plea on three fronts. First, Truitt claims that he was denied due process of law because he entered his plea pursuant to advice from his attorney. Second, Truitt alleges that his plea was entered due to his attorney’s ineffective assistance. Third, Truitt asserts that he lacked knowledge of the elements of the crime to which he pleaded guilty.
¶ 9. In actuality, Truitt is arguing that his plea was entered involuntarily because his attorney assured him that he would not be sentenced to more than ten years in prison. Truitt further argues (1) that his attorney coerced him into pleading guilty, (2) that his attorney failed to conduct a full investigation of the facts and circumstances surrounding Kemper’s death, and (3) that his attorney relied solely on discovery material furnished by the State.
¶ 10. The record before us does not contain a transcript of Truitt’s guilty plea proceeding, which we note was Truitt’s responsibility to provide. “[A]n appellant is responsible for bringing to our attention and presenting to this Court a record of trial proceedings sufficient to undergird his assignments of error.” Winters v. State, 473 So.2d 452, 457 (Miss.1985). However, Truitt’s petition to enter a plea of guilty contradicts his assertions. The following language is found in Truitt’s petition:
I know that if I plead “Guilty to this charge (these charges), the possible sentence is ... 20 (maximum) years imprisonment. ...
I told my lawyer of all of the facts and circumstances known to me about the charge(s) against me. I believe my lawyer is fully informed on all such matters. My lawyer has counseled and advised me of the nature of each charge; on any and all lesser included charges; and on all possible defenses that I might have in this case.
My lawyer has advised me as to the probabilities of my conviction of the charges with which I am charged and throughly discussed all aspects of my case with me. My lawyer has made no threats or promises of any type or kind to induce me to enter this plea of guilty, however; and the decision to seek the entry of this plea was my own and mine alone, based on my own reasons and free from any outside coercive influences.
Based on Truitt’s sworn petition, we find that one could reasonably conclude that Truitt understood the elements of the charges against him, despite his contentions to the contrary. We find no merit to this issue because the record belies Truitt’s assertion that his plea was not knowingly and intelligently entered. “Solemn declarations in open court carry a strong presumption of verity.” Harris v. State, 806 So.2d 1127, 1130(¶ 9) (Miss.2002) (quoting Baker v. State, 358 So.2d 401, 403 (Miss.1978)). Although we have found that Truitt entered a valid guilty plea, we will briefly discuss his ineffective assistance of counsel claim.
¶ 11. It is well established that “to prevail on a claim of ineffective assistance of counsel, a defendant must prove that his attorney’s performance was deficient, and that the deficiency was so substantial as to deprive the defendant of a fair trial.” Hiter v. State, 660 So.2d 961, 965 (Miss.1995) (citing Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Thus, Truitt must show sufficient deficiency in his counsel’s performance to constitute prejudice to his defense. Walker v. State, 703 So.2d 266, 268 (Miss.1997) (citing Strickland, 466 U.S. at 687, 104 *302 S.Ct. 2052). However, Truitt failed to demonstrate how the outcome of his case would have been different had his attorney performed the acts which Truitt alleges he was deficient for failing to perform. The Mississippi Supreme Court has held that “[assertions of error without prejudice do not trigger reversal.” Jones v. State, 912 So.2d 973, 977(¶ 16) (Miss.2005) (citing Nicholson ex rel. Gollott v. State, 672 So.2d 744, 751 (Miss.1996)).
¶ 12. Furthermore, we return to Truitt’s plea petition to show that his allegations of error are clearly contradicted by his sworn statement. The following statement is also in Truitt’s plea petition:
I believe my lawyer has done all that anyone could do to counsel and assist me. I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME. I recognize that if I have been told by my lawyer that I might receive probation or a light sentence, this is merely his prediction and is not binding on the Court.
We find no merit to this issue.

3. Cumulative Error

¶ 13. Finally, Truitt contends that the cumulative effect of the alleged errors requires reversal. However, the Mississippi Supreme Court has stated that where “there is no reversible error in any part, ... there is no reversible error to the whole.” Simmons v. State, 813 So.2d 710, 717(¶ 42) (Miss.2002) (quoting Coleman v. State, 697 So.2d 777, 787 (Miss.1997)). This issue is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.