ROBERTS, J.,
for the Court:
¶ 1. In 2003, Eric Jones pled guilty to the possession of 6.2 grams of cocaine. After he was sentenced and his post-release supervision (PRS) revoked, Jones filed a motion for post-conviction relief (PCR) in the Lawrence County Circuit Court. The circuit court summarily dismissed Jones’s PCR motion. Aggrieved, Jones appeals. Finding no error, we affirm the circuit court’s summary dismissal of Jones’s PCR motion.
FACTS AND PROCEDURAL HISTORY
¶ 2. On June 25, 2003, Eric Jones entered a guilty plea in the Lawrence County Circuit Court to the charge of one count of possession of a controlled substance (6.2 grams of cocaine). He was sentenced to sixteen years in the custody of the Mississippi Department of Corrections (MDOC). He was to serve six years of his sentence in the custody of the MDOC with ten years suspended conditioned upon his successful completion of five years of PRS. The guilty-plea transcript reflects at least two occasions the circuit judge informed Jones that he would be placed on PRS after his initial release from custody.
¶ 3. While serving the initial portion of his sentence in the custody of the MDOC, Jones filed a PCR motion with the circuit court asserting that his guilty-plea was not voluntary and that he had received ineffective assistance of counsel. Jones v. State, *258 904 So.2d 1107, 1108 (¶2) (Miss.Ct.App.2004). The circuit court denied his PCR motion on December 9, 2003. Id. The circuit court’s denial was affirmed by this Court on October 12, 2004. Id. at 1109 (¶9).
¶ 4. On April 4, 2008, after discharge by the MDOC on his initial six-year term, Jones’s PRS was revoked for his failure to report to his field officer for several months in 2007. He also tested positive for marijuana in May 2007 and refused to submit to a urine test in July 2007. Jones’s suspended sentence was revoked, and he was ordered to return to the custody of the MDOC to complete the ten-year suspended sentence originally imposed at his sentencing hearing. Jones then filed a PCR motion with the circuit court, attacking the validity of his revocation. The circuit court summarily dismissed Jones’s PCR motion on May 4, 2009. It is from this dismissal that Jones appeals.
¶ 5. In his brief, Jones raises the following issues:[1]
I. Whether the circuit court erred in summarily dismissing Jones’s PCR motion.
II. Whether the circuit judge erred by not orally informing Jones of the terms and conditions upon which his suspended sentence was contingent when he was sentenced.
III. Whether Jones was denied due process and equal protection by having the revocation officer fail to:
1. Individually screen Jones for the appointment of counsel, state the reasons for denial of the appointment, or appoint counsel solely based on Jones’s indigency.
2. Allow Jones to present witnesses and evidence at the revocation hearing.
¶ 6. Finding no error, we affirm the circuit court’s summary dismissal of Jones’s PCR motion.
STANDARD OF REVIEW
¶ 7. The circuit court may summarily dismiss a PCR motion “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2010). In reviewing a circuit court’s decision to dismiss a PCR motion, we will not disturb the decision unless the circuit court’s factual findings are clearly erroneous. Phillips v. State, 25 So.3d 404, 406 (¶ 4) (Miss.Ct.App.2010). Any review of issues of law require a de novo review. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
ANALYSIS
I. Procedural Bars
¶ 8. The circuit court judge found that Jones was not entitled to file a PCR motion because he was procedurally barred from doing so pursuant to the three-year time bar and the successive-writ bar found in Mississippi Code Annotated sections 99 — 39—5(2)(b) (Supp.2010) and 99-39-23 (Supp.2010).
¶ 9. Mississippi Code Annotated section 99-39-5(2)(b) provides the three-year statute of limitations on PCR motions. It reads, in pertinent part, as follows:
(2) A motion for relief under this article shall be made within three (3) years after the time in which the petitioner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence *259 has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the petitioner can demonstrate either:
[[Image here]]
(b) Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked ....
Id. (emphasis added).
¶ 10. Also at issue is whether Jones’s PCR motion is barred pursuant to the successive-writ bar found in Mississippi Code Annotated section 99-39-23(6). This statute reads, in pertinent part, as follows:
[A]ny order dismissing the petitioner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.... Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole, or conditional release has been unlawfully revoked.
Id. (emphasis added).
¶ 11. It is apparent that Jones’s main contention is that his sentence had expired at the time his PRS was revoked; thus, he should not be procedurally barred from seeking relief through a PCR motion. Both statutes provide an exception to the procedural bar if the petitioner’s sentence has expired. To support his contention that his sentence had expired, Jones asserts that the sentence orally imposed at his sentencing hearing was for only six years and not the sixteen years found in the written sentencing order. He argues that when an oral pronouncement conflicts with a written pronouncement, the oral pronouncement should prevail. According to Jones, his sentence expired after he served his six years in the custody of the MDOC, and he is not to serve the ten-year suspended sentenced imposed in the written sentencing order. We disagree.
¶ 12. Both the sentencing order and the transcript of the guilty-plea hearing are in the record for our review, and we find that they are not in conflict. Both contain the language that Jones was sentenced to sixteen years in the custody of the MDOC with six years to serve and ten years suspended after successful completion of a period of PRS. The only difference between the sentencing order and the plea-hearing transcript is that the sentencing order gives Jones five years of PRS, but the plea-hearing transcript says ten years. It is well-settled law in Mississippi that a written order prevails over a conflicting oral pronouncement. Boutwell v. State, 847 So.2d 294, 296 (¶8) (Miss.Ct. App.2003).
¶ 13. We hold that the circuit judge erred when he determined that Jones’s PCR motion was barred by the three-year time and successive-writ bars. Clearly it was not. Jones claimed that his sentence had expired and that his conditional release was unlawfully revoked; thus, his claim is an exception to the time and successive writ bars.
II. Suspended-Sentence Conditions
¶ 14. Jones’s second issue relating to the alleged unlawful revocation of his suspended sentence was that the circuit judge did not orally inform him of the conditions and terms of his suspended sentence before that suspended sentenced could be revoked for a violation of those conditions and terms. Jones relies on a Mississippi Supreme Court case, Artis v. State, 643 So.2d 533, 538 (Miss.1994), to support his contention that the circuit judge was required to inform him orally of *260 the terms and conditions of his suspended sentence. However, his reliance on this case is factually amiss. In Artis, the circuit court suspended a portion of Alfonso Artis’s sentence, but it “made no mention, orally or in writing, of terms and conditions of the suspended sentences, and then later revoked his suspended sentence ... for the violation of terms and conditions of his suspended sentence.” Id. at 537 (emphasis added). To satisfy due process, the defendant must “at least” be orally informed of the terms and conditions of his suspended sentence, but it is not a requirement that the defendant be “orally in-formfed] ... when such information has been recorded in written form.” MeClinton v. State, 799 So.2d 123, 126 (¶ 6) (Miss. Ct.App.2001). In the case before us, Jones was informed in writing of the terms and conditions of his suspended sentence. Because Jones was informed in writing of his terms and conditions, the holding in Artis does not apply to this case.
¶ 15. We find this issue is without merit.
III. Due Process
¶ 16. Jones next alleges that he was denied due process at his revocation hearing, thereby making the revocation of his suspended sentence unlawful. The United States Supreme Court has set out the minimum requirements of due process at revocation hearings. These requirements are:
(a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a “neutral and detached” hearing body such as a traditional parole board, members of which need not be judicial officers or [lawyers]; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.
Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (quoting Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)).
¶ 17. Mississippi has adopted these minimum requirements and applies them in revocation hearings. Riely v. State, 562 So.2d 1206, 1210-11 (Miss.1990).
¶ 18. Jones asserts two main reasons to support his contention that he was denied due process at his revocation hearing. He first argues that revoking his suspended sentence was unconstitutional because the circuit court failed to appoint him an attorney at his revocation hearing. A review of the minimum constitutional requirements outlined above indicate that an indigent’s right to an appointed attorney at every revocation hearing is not a minimum requirement for due process. First outlined by the Supreme Court in Gagnon, 411 U.S. at 790, 93 S.Ct. 1756, the Mississippi Supreme Court has held that there is no per se right to an appointed attorney at revocation hearings, but the appointment of an attorney is to be made on a case-by-case basis. Riely, 562 So.2d at 1209 (quoting Lassiter v. Dep’t of Soc. Servs., 452 U.S. 18, 26, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981)). The United States Supreme Court further elaborated that counsel should be appointed in cases where the indigent petitioner requests an appointed attorney, and he asserts:
(i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are sub *261 stantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.
Gagnon, 411 U.S. at 790, 98 S.Ct. 1756.
¶ 19. This Court in Pruitt v. State, 958 So.2d 302, 306 (¶ 10) (Miss.Ct.App.2007), applied the principles outlined above and determined that the issues presented at the revocation hearing were not too difficult or complex to warrant the appointment of counsel. We stated:
[Henry Lee] Pruitt’s sentence was suspended[,] and he was placed on post-release supervision in lieu of his having to fully serve out his term, with the condition that he not violate the terms set forth by the circuit court. During his post-release supervision, Pruitt was convicted of drug-related charges in the federal system. This federal conviction was in violation of the conditions of his post-release supervision. An appointment of counsel to Pruitt for his revocation hearing was not warranted or required by law.

Id.

¶ 20. In the case before us, the issues presented at the revocation hearing were whether Jones had failed a urine test for drugs, refused to take another drug test, and failed to report to his supervising officer (absconded supervision) for several months. In his order summarily dismissing Jones’s PCR motion, the circuit court judge found that these issues were not complex or difficult enough to warrant appointment of counsel. We agree.
¶ 21. Jones next asserts that he was denied due process because he was not permitted to present witnesses and evidence or cross-examine adverse witnesses. Although there is not a transcript of the revocation hearing before us for review, the circuit judge, through his order summarily dismissing Jones’s PCR motion, referred to the transcript of the revocation hearing and found that Jones was provided the opportunity to present evidence and confront adverse witnesses. According to the circuit judge’s order, after testimony from supervising field officers, Jones proceeded to “instantly slam his microphone down, pick up the 25-35 lbs. microphone stand in front of him and [throw] it approximately 30 feet across the courtroom creating a large hole in the courtroom wall. This violent outburst by the Petitioner created turbulence in the courtroom among the courtroom spectators, and among the numerous of [sic] inmates who were in the courtroom [on] that date.” Jones had the opportunity to present evidence and cross-examine witnesses, but he did not make proper use of the time he was given. There is no reason to believe that the outcome would have differed had Jones cross-examined the officers, testified in his own defense, or called any witnesses himself.
¶ 22. We find this issue without merit.
¶ 23. THE JUDGMENT OF THE LAWRENCE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAWRENCE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.

. For judicial economy, we have consolidated the issues presented in the brief.