## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Kevin Cart,**
**Petitioner Below, Petitioner**

**FILED**

March 29, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 12-0342** (Putnam County 11-C-267)

**Evelyn Seifert, Warden, Northern Correctional Facility,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Kevin Cart, *pro se*, appeals the Circuit Court of Putnam County's order, entered November 8, 2011, denying his petition for a writ of habeas corpus. The respondent warden, by Scott E. Johnson and John Boothroyd, his attorneys, filed a summary response to which petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

A jury convicted petitioner of nighttime burglary and sexual assault in the first degree. On December 19, 1995, the circuit court sentenced petitioner to one to fifteen years on the burglary charge and fifteen to thirty-five years on the sexual assault charge, "said sentences to run consecutive." The commitment order, which was entered January 24, 1996, listed the sentences in reverse order, putting the sentence for the sexual assault first. The commitment order also provided that the sentences were to be served consecutively.

The Division of Corrections ("DOC") apparently had been following the commitment order listing the sentence for the sexual assault ahead of petitioner's sentence for burglary. The Parole Board subsequently asked the DOC to "flip-flop the terms [sentences] so that they would be able to establish a correct parole eligibility date." The DOC's letter to petitioner also explained that under the State Code, "consecutive terms are equal to an aggregate term" and that therefore, "we set your records up to reflect you were serving an aggregate term of 16-50 years with an Effective Sentence Date of October 15, 1994."

1

On or about August 19, 2011, petitioner filed a petition for a writ of habeas corpus alleging that his sentence for sexual assault comes first and he should be discharging that sentence in February of 2012. Petitioner explained that the discharge of his sentence for sexual assault would allow him a better chance at parole and would also change his classification within the prison system that may allow opportunities such as transfer to a less secure facility.

Applying Syllabus Points Six and Seven of *State v. Eilola*, 226 W.Va. 698, 704 S.E.2d 698 (2010), the circuit court denied petitioner's petition. The circuit court explained as follows:

> In other words, [petitioner] is effectively serving an interdeterminate sentence of not less than sixteen years nor more than fifty years. He is not serving two separate sentences for purposes of calculation of good time, parole eligibility or sentence discharge. In her letter of June 17, 2011 to [petitioner], [DOC] Records Manager, Diann E. Skiles, correctly informed [petitioner] that his two sentences were aggregated. The [DOC] correctly applied the principles articulated in *Eilola*.

We review the circuit court's denial of a habeas petition as follows:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner argues that *Eilola* should not be applied to his case because, while his commitment order was entered in 1996, *Eilola* was not decided until 2010. Petitioner asserts that the circuit court's ruling conflicts with oral statements the judge made at his sentencing. Petitioner asserts that contrary to the circuit court's finding, the sentencing order also contains language supporting his contention that he served the first degree sexual assault sentence first. The respondent warden argues that where there is a conflict, a written order controls over a court's oral statement. The respondent warden argues that "[where] the record is conflicting, the sentencing order, not the commitment paper, controls," quoting *Fuller v. State*, 914 So.2d 1230, 1232 (Miss. Ct. App. 2005). After careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in denying the petition.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Putnam County and affirm its November 8, 2011, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:**   March 29, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II