CARLTON, J.,
for the Court:
¶ 1. Charles Anthony Weary appeals the Marion County Circuit Court’s dismissal of his motion for post-conviction relief (PCR). Finding no error, we affirm.
FACTS
¶2. On December 12, 2005, a Marion County grand jury indicted Weary for armed robbery under Mississippi Code Annotated section 97-3-79 (Rev.2006), and for theft of a motor vehicle under Mississippi Code Annotated section 97-17-42 (Supp.2012). Weary pled guilty to both charges, and on February 1, 2008, the circuit court sentenced Weary in open court to twelve years in the custody of the Mississippi Department of Corrections (MDOC) on the armed-robbery charge and a concurrent five years on the motor-vehicle charge. The record also shows that the oral pronouncement of the sentence contained no mention of restitution. However, in the subsequent judgment of conviction and written sentencing order, filed February 11, 2008, the court ordered Weary to pay $1,176.73 in restitution to Pizza Hut and $248 in restitution to Jessie Taylor.[1]
¶ 3. Weary’s written order of conviction, filed February 11, 2008, reflects a ten-year sentence for the armed-robbery charge and a concurrent five-year sentence for the motor-vehicle charge and the restitution in dispute. Weary’s notice of criminal disposition, however, reflects a ten-year sentence for the armed-robbery charge, with five years suspended. The supplemental record contains a 2010 letter from Weary *868 to a minister, seeking the minister’s assistance in requesting the trial court to clarify the conflict between Weary’s sentence set forth in the sentencing order filed February 11, 2008, and the five-year suspended sentence reflected in the criminal disposition. This letter from Weary fails to mention any issue as to the restitution at issue in this appeal. Moreover, the record contains no post-trial motions or other objections to the restitution ordered. Weary raised no objection or request for relief from the restitution until more than three years after his judgment of conviction and sentencing order; additionally, other than the letter to his minister, he raised no request for relief, in accordance with statute, from the conflict between the sentencing order, the oral pronouncement, and the commitment paper:
¶ 4. More than three years after the written order of conviction and sentence, Weary filed a PCR motion on September 12, 2011, claiming his sentence was ambiguous. After reviewing Weary’s motion, the circuit court summarily dismissed it under Mississippi Code Annotated section 99-39-11(2) (Supp.2012). Weary now appeals to this Court. On appeal, he claims that his sentence was ambiguous because of the conflict between his filed sentencing order and his criminal disposition and that the circuit court imposed an illegal sentence by ordering him to pay restitution to Taylor, who Weary contends lacks victim status. Finding Weary’s claims for relief from the ordered restitution waived, and finding no ambiguity in Weary’s written order of conviction, we affirm.[2]
STANDARD OF REVIEW
¶ 5. In considering the dismissal of a PCR motion, we review the circuit court’s findings of fact for clear error. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). But when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999). See also Miss.Code Ann. § 99-39-3(2) (Rev.2007) (burden on petitioner to show claims are not procedurally barred); Powell v. State, 536 So.2d 13, 17 (Miss.1988) (error as to restitution waived by failure to object at sentencing hearing).
DISCUSSION
¶ 6. On appeal, we address whether Weary’s sentence is ambiguous because of the discrepancy between the following: the circuit court’s pronouncement of the sentence in open court, the written order of conviction, and the notice of criminal disposition. Weary argues such ambiguity exists because of the conflict between the written order and the criminal-disposition notice. A review of the supplemented record, however, reflects the additional conflict between the oral pronouncement of the sentence and the written order filed in this case with respect to the ordered restitution. Even though not raised by Weary, we acknowledge that the oral pronouncement transcribed on February 1, 2008, contained no order of restitution, but the written order filed on February 11, 2008, indeed included restitution. Case law and statutory, authority establishes a trial court’s authority to order restitution. See Miss.Code Ann. § 99-37-1; Butler v. State, 544 So.2d 816, 821 (Miss.1989); Powell, 536 So.2d at 17. The conflict raised by Weary pertains to that between the sentence set forth in the written sen *869 tencing order and the sentence reflected in the criminal disposition. The criminal-disposition notice provides for a ten-year sentence, with five years suspended, for the armed-robbery charge.
¶ 7. In its order summarily dismissing Weary’s PCR motion, in which Weary alleged an ambiguous sentence and illegal restitution, the circuit court determined that Weary’s claim amounted to a claim of an illegal sentence. Addressing Weary’s claim of an ambiguous sentence, the circuit court referenced the sentencing transcript, acknowledging that the transcript reflected the twelve-year sentence pronounced in open court. The circuit court also acknowledged that the written order of conviction sentenced Weary to a lesser sentence of ten years for the armed robbery charge and a concurrent five years for the motor-vehicle charge.[3] In addressing the conflict, the circuit judge cited to Fuller v. State, 914 So.2d 1230, 1232 (¶ 4) (Miss.Ct.App.2005), where this Court determined which document controls a defendant’s sentence where a conflict exists between the circuit court’s sentencing order and the commitment paper. The Fuller Court held that the commitment paper did not constitute a judgment; therefore, the sentencing order in that case controlled. Id.
¶8. In the present case, the circuit judge ultimately held:
Weary received a [ten-]year sentence via the order of conviction, rather than the [twelve-]year sentence pronounced in open court and transcribed in the sentencing transcript. Since Weary received a more lenient sentence through this error in the order of conviction; i.e. [ten] years rather than [twelve] years, his sentence has not caused him “to endure an undue burden.” The court therefore finds that Weary is not entitled to any relief on his illegal sentence claim. Further, neither the sentencing transcript nor the order of conviction mentionfs] that either of his sentences were to include a “suspended” sentence [4] provision; thus, this claim is likewise without merit.
¶ 9. As explained in Fuller, Weary’s notice of criminal disposition fails to constitute a judgment. Instead, the criminal-disposition notice serves as an administrative commitment form completed for the administrative benefit of the MDOC. See id. (“A commitment paper is not a judgment.”). Additionally, we have recognized that “[i]t is well-settled law in Mississippi that a written order prevails over a conflicting oral pronouncement.” Jones v. State, 70 So.3d 255, 259 (¶ 12) (Miss.Ct.App.2011). We thus find no error in circuit judge’s denial of relief on Weary’s assertion of ambiguity in his sentence. Precedent reflects that Weary’s claim that the criminal-disposition notice controls lacks merit.
¶ 10. Weary next contends that his sentence is illegal because the circuit court ordered him to pay restitution to Taylor, who Weary claims is not a victim of his indicted crimes. We acknowledge that Mississippi Code Annotated section 99-37-3 (Rev.2007) authorizes a court to order a defendant to pay restitution only to “victims.” Weary asserts that his indictment for the charge of theft of a motor vehicle identified only Amanda Brunner as the owner. However, as part of Weary’s sen *870 tence, the circuit court ordered him to pay $250 in restitution to Taylor. Here, in dismissing Weary’s PCR motion, the record reflects that the circuit court found Taylor properly received restitution as a victim of Weary’s crime, even though the indictment failed to name Taylor as the titled owner of the stolen car. Mississippi Code Annotated section 99-37-l(d) (Rev. 2007) defines “victim,” for the purposes of restitution, as “any person whom the court determines has suffered pecuniary damages as a result of the defendant’s criminal activities.”[5] The statute contains no requirement that victims be named in the indictment. The record, however, fails to contain evidence indicating how Taylor suffered as a result of Weary’s criminal activities, even though upon its review of Weary’s PCR motion, the circuit court found restitution to Taylor proper.[6]
¶ 11. In its order denying Weary’s PCR motion, the circuit court addressed Weary’s claim that the circuit court erred in ordering restitution to Taylor:
It does not follow that the titled owner of the subject vehicle Weary unlawfully took [is] the sole victim of this crime. The purpose for identifying the titled owner in the indictment is to establish the element that the alleged perpetrator took a motor vehicle which was not titled in his name.
Weary’s charges stem from his actions of entering a Pizza Hut restaurant, robbing two employees, stealing money from the restaurant, and then stealing a vehicle owned by one of the employees. Although we find nothing in the circuit court’s order that fully explains the identity of Taylor in regard to Weary’s crimes, we also acknowledge that Weary failed to object to the restitution to Taylor and raised no request for relief from such until expiration of more than three years from the judgment of conviction and sentence. Clearly, the circuit court possessed statutory authority in accordance with section 99-39-3(1) to order restitution to victims who suffered pecuniary damages as a result of Weary’s criminal activities. Since Weary failed to raise any issue regarding the court-ordered restitution to Taylor until more than three years after the circuit court filed Weary’s sentencing order, Weary waived any claim of error as to the restitution. See Little v. State, 918 So.2d 97, 99 (¶ 7) (Miss.Ct.App.2006). Additionally, Weary’s claim of an illegal sentence lacks merit since the circuit court possesses authority in sentencing to lawfully impose restitution as a punishment, and therefore, his claim for relief from restitution is not exempt from the statutory three-year time-bar on that basis. See Miss.Code Ann. § 99-39-5(2) (Supp.2012).
¶ 12. Regarding the delay and resulting waiver, neither the record nor the supplemented record contains any objections or post-trial motions by Weary for relief from the ordered restitution for more than three years. See Little, 918 So.2d at 99 (¶ 7) *871 (petitioner not entitled to a review of claims raised more than three years after judgment). As previously acknowledged, in June 2010, Weary sent a letter to a minister seeking clarification of his sentence[7] with the circuit court regarding whether he was to receive five years suspended, as contained in the criminal disposition. The record contains the circuit court staff attorney’s response to Weary’s letter. The record reflects that Weary’s letter, seeking clarification about the suspended sentence in the oral disposition, constitutes the only post-trial relief pursued by Weary, and the letter raised no issue regarding the restitution order or Taylor’s status as a victim. See Cummings v. State, 58 So.3d 715, 719 (¶ 19) (Miss.Ct.App.2011) (citing Hoops v. State, 681 So.2d 521, 537 (Miss.1996)) (appellate court reviews a sentence using an abuse-of-discretion standard of review when timely and properly raised).
¶ 13. We therefore find Weary failed to timely raise an objection or request other post-conviction relief, to the ordered restitution and therefore, Weary waived his claim for relief from restitution. Weary possessed three years from entry of his judgment to file a PCR motion pursuant to post-conviction-relief procedures. See Miss.Code Ann. § 99-39-3 (purpose of PCR law and procedures); Miss.Code Ann. § 99-39-21(6) (burden on petitioner to show claims are not procedurally barred); Cole v. State, 666 So.2d 767, 772-73 (Miss.1995) (The purpose of remedies contained in section 99-39-3(2) “is to provide prisoners with a procedure, limited in nature, to review issues or errors which ‘in practical reality could not be or should not have been raised at trial or on direct appeal.’ ”). As stated, the circuit court’s authority includes the power to lawfully impose restitution, and by failing to timely object or seek relief, Weary waived any claim for relief therefrom due to insufficiency of the evidence. See Harris v. State, 757 So.2d 195, 199 (¶ 19) (Miss.2000). We again acknowledge that the circuit court entered the sentencing order on February 11, 2008, and Weary filed no PCR motion until September 12, 2011. The limited relief provided by the PCR statutes expired in February 2011. Weary bore the burden to show no procedural bar applied to his claim, and he failed to meet that burden. See Miss.Code Ann. § 99-39-21(6) (burden on petitioner to show claims are not procedurally barred). Therefore, due to the expiration of the three-year statutory time period for raising PCR claims, Weary’s post-conviction claims raised in his September 2011 motion are barred. Accordingly, we affirm the circuit court’s dismissal of Weary’s PCR motion.
¶ 14. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. See Miss.Code Ann. § 99-37-1(d) (Rev.2007).

. See Harris v. State, 757 So.2d 195, 199 (¶ 9) (Miss.2000); Powell v. State, 536 So.2d 13, 17 (Miss.1988) (error as to restitution waived by failure to object at sentencing hearing). See also Miss.Code Ann. §§ 99-39-21(6) (Rev.2007) (burden on petitioner to show claims are not procedurally barred) & 99-39-3(2) (Rev.2007).

. The circuit court made no reference in its order to the fact that the notice of criminal disposition reflected a sentence of ten years for the armed-robbery charge, with five years suspended.

. Only the notice of criminal disposition references a suspended sentence.

. See Miss.Code Ann. § 99-37-1(a) (defining criminal activities); Powell, 536 So.2d at 17; Fanning v. State, 497 So.2d 70, 74 (Miss.1986).

. The supplemental record contains the guilty plea colloquey. During the colloquey, the record shows that the circuit court informed Weary the court would receive a report on Weary's background and circumstances of the charge to assist the court in determining an appropriate sentence. The supplemental record also contains the February 1, 2008 sentencing hearing transcript, where the circuit court acknowledged receiving a pre-sen-tence investigation report prior to sentencing. Jessie Taylor is not named or referenced in the pre-sentencing report. The State acknowledges in its brief that the supplemented record fails to contain a copy of the victim impact statements prepared by the District Attorney's Victim Assistance Liaison.

. See Burns v. State, 933 So.2d 329, 331 (¶ 9) (Miss.Ct.App.2006) (inmate seeking clarification of operation of sentence should pursue MDOC administrative-review procedures before turning to court).