# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00440-COA

**MONNIE VILLAREAL**                                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                      **APPELLEE**

DATE OF JUDGMENT:                03/25/2021
TRIAL JUDGE:                     HON. ROBERT P. KREBS
COURT FROM WHICH APPEALED:       JACKSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          MONNIE VILLAREAL (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: SCOTT STUART
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 10/11/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., GREENLEE AND EMFINGER, JJ.

### WILSON, P.J., FOR THE COURT:

¶1.     In June 2017, Monnie Villareal and two codefendants were indicted for insurance fraud (Count I), conspiracy to commit insurance fraud (Count II), false pretenses (Count III), and conspiracy to commit false pretenses (Count IV). The indictment alleged that the defendants, acting on behalf of a tree service business, conspired to present a fake certificate of insurance to a customer in order to obtain the customer's business and payment in excess of $500. In May 2018, pursuant to a plea bargain, Villareal pled guilty to Count II, and the remaining counts were nolle prosequied. The court sentenced Villareal to five years in the custody of the Mississippi Department of Corrections (MDOC) with credit for time served and the remainder suspended on post-release supervision (PRS).

¶2.     In December 2020, the court revoked Villareal's PRS because Villareal had absconded and violated other terms of his PRS.  The court sentenced Villareal to serve three years, with the remainder of his sentence suspended on PRS.

¶3.     In February 2021, Villareal filed a motion for post-conviction relief (PCR) alleging that his sentence was "illegal."  Villareal asserted that the maximum sentence for his crime was six months in the county jail because he pled guilty to conspiracy to commit only misdemeanor false pretenses.  The court denied Villareal's motion, explaining that he had pled guilty to conspiracy to commit insurance fraud, a felony with a maximum sentence of five years' imprisonment.  Villareal appealed.  We affirm.

¶4.     Villareal's plea petition stated that he was pleading guilty to "Conspiracy" without specifying whether he was pleading to conspiracy to commit insurance fraud (Count II) or conspiracy to commit false pretenses (Count IV).  However, the petition clearly stated that the maximum sentence was five years.  In addition, it was made clear during Villareal's plea hearing that he was pleading guilty to Count II.  Villareal admitted that he had agreed and conspired "to commit the crime of insurance fraud."  He also admitted that he was guilty of the crime set out in "Count II" of the indictment.

¶5.     Insurance fraud is a felony.  *See* Miss. Code Ann. § 7-5-309(1) (Rev. 2019). Therefore, conspiracy to commit insurance fraud is also a felony and carries a maximum sentence of five years' imprisonment.  Miss. Code Ann. § 97-1-1(1)(h) (Rev. 2020). Accordingly, Villareal's sentence is not "illegal," and the circuit court correctly denied his

PCR motion.[1]  In addition, to the extent that Villareal attempts to raise issues on appeal that he did not raise in his PCR motion, his claims are procedurally barred because he failed to raise them in the circuit court.  *See, e.g., Fluker v. State*, 17 So. 3d 181, 183 (¶5) (Miss. Ct. App. 2009) ("[A] defendant who fails to raise an issue in his motion for post-conviction relief before the trial court may not raise that issue for the first time on appeal." (citing *Gardner v. State*, 531 So. 2d 805, 808-09 (Miss. 1988))).

¶6.    **AFFIRMED.**

   **BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.  LAWRENCE, J., NOT PARTICIPATING.**

---

[1] We also note that Count IV of Villareal's indictment charged with him with conspiracy to commit *felony* false pretenses, not misdemeanor.  The indictment specifically alleged that Villareal conspired "to obtain agreement(s) to do [tree] work and payment(s) in excess of $500.00."  *See* Miss. Code Ann. § 97-19-39(2) (Rev. 2020) (providing that obtaining money or other property with a value of $500 or more by fraud or false pretense is a felony punishable by up to ten years' imprisonment).  Villareal's assertion that he pled guilty to misdemeanor false pretenses apparently relies on a Notice of Criminal Disposition sent to MDOC following the revocation of his PRS in 2020.  The Notice erroneously stated that Villareal had been convicted and sentenced on all four counts of the indictment; that Count III involved less than $500; and that for Count IV he had been sentenced under the misdemeanor subsection of the conspiracy statute, Miss. Code Ann. § 97-1-1(4).  The Notice was in error on all these points.  Errors in a notice of criminal disposition created years after a defendant's plea and conviction cannot alter the substance of the plea and conviction.  As this Court has explained, a notice of criminal disposition is not an official judgment.  Rather, it only "serves as an administrative commitment form completed for the administrative benefit of the MDOC."  *Weary v. State*, 155 So. 3d 866, 869 (¶9) (Miss. Ct. App. 2013) (citing *Fuller v. State*, 914 So. 2d 1230, 1232 (¶4) (Miss. Ct. App. 2005)).  Thus, Villareal's 2018 sentencing order is controlling notwithstanding errors in the 2020 Notice of Criminal Disposition.  *Weary*, 155 So. 3d at 869 (¶9); *Fuller*, 914 So. 2d at 1232 (¶4).